MILLS, Acting Chief Judge.
Joseph and Mary Ard (Ards) appeal from a final judgment denying their petition for custody and their petition for adoption of W. L. C., a minor, granting the cross-petition of Shirley Mae Gustafson (Gustafson) for adoption of the minor, and denying the petition of the Division of Family Services (Division) for termination of parental rights and for custody of the minor. The Ards contend the trial court erred in denying their petitions, in granting Gustafson’s petition and in finding that Gustafson was a person permitted to adopt under Chapter 63, Florida Statutes (1975).
No useful purpose would be served by reciting the evidence adduced at the various hearings held over a period of many months. Suffice it to say that the record discloses competent substantial evidence to support the trial court’s denial of the Ard’s petition for custody and petition for adoption. We affirm.
Not only does the record fail to support the granting of Gustafson’s cross-petition for adoption but she is not a person permitted to adopt under Section 63.042(2)(d), Florida Statutes (1975). This section provides in pertinent part:
“(2) The following persons may adopt:

(d) A married person without the other spouse joining as a petitioner, if the person to be adopted is not his spouse, and if:
1. The other spouse is a parent of the person to be adopted and consents to the adoption; or
2. The failure of the other spouse to join in the petition or to consent to the adoption is excused by the court for reason of prolonged unexplained absence, unavailability, incapacity, or circumstances constituting an unreasonable withholding of consent.”
Gustafson was married. Her husband did not join the petition nor did he consent to the adoption of the minor. The trial court did not excuse this failure to join or consent for any of the reasons set forth in Section 63.042(2)(d). We reverse.
The Division did not appeal the adverse ruling on its petition nor did the Ards assign this as error on their appeal. We affirm.
Affirmed in part and reversed in part.
SMITH and ERVIN, JJ., concur.